ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 1 3 2021

Kevin P. Weimer, Clerk
By _____
    Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | No. 1:20-CR-296 |
| RICKY DIXON, | |
| MEGHAN THOMAS, | **First Superseding** |
| JESIKA BLAKELY, | **Indictment** |
| AMANDA CHRISTIAN, | |
| DWAN ASHONG a/k/a DWAN GILPIN, | |
| JOHN GAINES a/k/a MARTY GAINES, | **UNDER SEAL** |
| CHARLES PETTY a/k/a CHARLES KNIGHT, | |
| JERRY BAPTISTE, | |
| CARLA JACKSON, | |
| DEREK PARKER, | |
| DAVID BELGRAVE II, | |
| CHARLES HILL IV, | |
| RYAN WHITTLEY, | |
| EL HADJ SALL, AND | |
| RICK MCDUFFIE | |

THE GRAND JURY CHARGES THAT:

### Background

At all times relevant to this First Superseding Indictment:

*The Defendants and Their Co-Conspirators*

1.    RICKY DIXON ("DIXON") was an individual residing in the State of Michigan who claimed ownership of RK Painting Co., a Michigan corporation.

2.    MEGHAN THOMAS was an individual residing in the State of Georgia who was associated with Bellator Phront Group Inc. and Elite Executive Services Inc., which were Georgia corporations.

3.     JESIKA BLAKELY ("BLAKELY") was an individual residing in the State of Georgia.

4.     AMANDA CHRISTIAN ("CHRISTIAN") was an individual residing in the State of South Carolina who claimed ownership of Advertising and Then Some Inc., a South Carolina corporation.

5.     DWAN ASHONG A/K/A DWAN GILPIN ("ASHONG") was an individual residing in the State of Florida who claimed ownership of Richland Property Investors Group LLC, a Florida corporation, and DA Gilpen Enterprises LLC, a Florida corporation.

6.     JOHN GAINES A/K/A MARTY GAINES ("JOHN GAINES") was an individual residing in the State of Georgia.

7.     CHARLES PETTY A/K/A CHARLES KNIGHT ("PETTY") was an individual residing in the State of Georgia.

8.     JERRY BAPTISTE ("BAPTISTE") was an individual residing in the State of California.

9.     CARLA JACKSON ("JACKSON") was an individual residing in the State of Georgia who claimed ownership of Management Resource Services Inc., a Georgia corporation.

10.     DEREK PARKER ("PARKER") was an individual residing in the State of Michigan who claimed ownership of D Parker Holdings Inc., a Michigan corporation.

11.     DAVID BELGRAVE II ("BELGRAVE") was an individual residing in the State of South Carolina who claimed ownership of Continuing Success Inc., a South Carolina corporation.

2

12.    CHARLES HILL IV ("HILL") was an individual residing in the State of Georgia who claimed ownership of Infinite Education Services Inc., a Georgia corporation.

13.    RYAN WHITTLEY ("WHITTLEY") was an individual residing in the State of Illinois who claimed ownership of ML Exotic Customs Inc., an Illinois corporation.

14.    EL HADJ SALL ("SALL") was an individual residing in the State of Florida who claimed ownership of Bellevie Corp., a Florida corporation.

15.    RICK MCDUFFIE ("MCDUFFIE") was an individual residing in the State of South Carolina who claimed ownership of Mickies Auto and Tires LLC, a South Carolina corporation.

16.    Darrell Thomas was an individual residing in the State of Georgia who claimed ownership, and was the Chief Financial Officer, of Bellator Phront Group Inc.  As of May 21, 2020, Darrell Thomas claimed to be the Chief Executive Officer, Secretary, and registered agent of Elite Executive Services Inc.

17.    Teldrin Foster was an individual residing in the State of Georgia.

18.    Denesseria Slaton was an individual residing in the State of Georgia.

19.    Bern Benoit was an individual residing in the State of California who claimed ownership of Transportation Management Services Inc., a Minnesota corporation.

20.    Kahlil Gibran Green, Sr. was an individual residing in the State of Ohio who claimed ownership of Impact Creations LLC, an Ohio corporation.

3

21.     Charmaine Redding was an individual residing in the State of Michigan who claimed ownership of All Star Room and Board Services of Michigan Inc., a Michigan corporation.

### The Small Business Administration

22.     The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.  The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

23.     As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders.  These loans had government-backed guarantees.

### The Paycheck Protection Program

24.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 that was designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

25.     One source of relief that the CARES Act provided was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP").  Congress has since authorized additional PPP funding.

4

26.     The PPP allowed qualifying small businesses and other organizations to receive PPP loans.  Businesses must use PPP loan proceeds for payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds for payroll expenses.

27.     The amount of a PPP loan that a small business may have been entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

28.     In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its (a) average monthly payroll expenses and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

29.     The SBA oversaw the PPP.  However, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA.  Data from the

application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

### Relevant Financial Institutions and Affiliates

30.     Financial Institution 1 was a Federal Deposit Insurance Corporation ("FDIC") insured financial institution headquartered in Fort Lee, New Jersey. Financial Institution 1 participated in the SBA's PPP as a lender, and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

31.     Financial Institution 2 was an FDIC-insured financial institution headquartered in Salt Lake City, Utah.  Financial Institution 2 participated in the SBA's PPP as a lender, and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

32.     Financial Institution 3 was an FDIC-insured financial institution headquartered in Phoenixville, Pennsylvania.  Financial Institution 3 participated in the SBA's PPP as a lender, and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

33.     Financial Institution 4 was a non-bank financial institution headquartered in Laguna Hills, California.  Financial Institution 4 participated in the SBA's PPP as a lender, and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

34.     Financial Institution 5 was a non-bank financial institution headquartered in San Diego, California.  Financial Institution 5 participated in the SBA's PPP as a lender, and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

35.     Company 1 was a publicly traded company that specialized in small-business lending.  Company 1 was based in Redwood City, California. Company 1 participated in the SBA's PPP by, among other things, acting as a service provider between small businesses and certain banks, including Financial Institution 1 and Financial Institution 2.  Small businesses seeking PPP loans could apply through Company 1 for PPP loans.  Company 1 would review the loan applications.  If a loan application received by Company 1 was approved for funding, a partner bank, such as Financial Institution 1 or Financial Institution 2, disbursed the loan funds to the applicant.

36.     Bank 1 was an FDIC-insured financial institution based in New York, New York with branches throughout the United States.

37.     Bank 2 was an FDIC-insured financial institution based in Cincinnati, Ohio with branches throughout the United States.

38.     Bank 3 was an FDIC-insured financial institution based in Pittsburgh, Pennsylvania with branches throughout the United States.

39.     Bank 4 was an FDIC-insured financial institution based in Charlotte, North Carolina with branches throughout the United States.

40.     Bank 5 was an FDIC-insured financial institution based in San Francisco, California with branches throughout the United States.

41.     Bank 6 was an FDIC-insured financial institution based in Birmingham, Alabama with branches throughout the United States.

42.     Bank 7 was an FDIC-insured financial institution based in Dallas, Texas with branches throughout the United States.

43.     Bank 8 was an FDIC-insured financial institution based in Sioux Falls, South Dakota with branches throughout the United States.

44.     Bank 9 was an FDIC-insured financial institution based in Gulfport, Mississippi with branches throughout the United States.

45.     Bank 10 was an FDIC-insured financial institution based in McLean, Virginia with branches throughout the United States.

46.     Bank 11 was an FDIC-insured financial institution based in Charlotte, North Carolina with branches throughout the United States.

47.     Bank 12 was a credit union based in Auburn Hills, Michigan with branches throughout the United States.

48.     Bank 13 was an FDIC-insured financial institution based in Deland, Florida with branches throughout Florida.

49.     Bank 14 was an FDIC-insured financial institution based in Tupelo, Mississippi with branches throughout the United States.

50.     Bank 15 was an FDIC-insured financial institution based in Chicago, Illinois with branches throughout the United States.

51.     Bank 16 was an FDIC-insured financial institution based in Ann Arbor, Michigan with branches throughout Michigan.

52.     Bank 17 was an FDIC-insured financial institution based in Cherry Hill, New Jersey with branches throughout the United States.

*The Fraudulent PPP Loan Applications and Supporting Documentation*

53.     On or about the dates listed below, the defendants identified below submitted, or assisted in the submission of, a PPP loan application for the businesses identified below with the reported average monthly payroll and

8

number of employees listed below, to a lender approved by the SBA to issue PPP loans:

| Defendants | Business | Date Signed (on or about) | Avg. Monthly Payroll | Employees | Lender Fin. Inst. ("FI") |
|---|---|---|---|---|---|
| MEGHAN THOMAS | Bellator Phront Group Inc. | April 21, 2020 | $319,982.14 | 66 | FI 4 |
| BLAKELY | Impact Creations LLC | May 17, 2020 | $332,000 | 67 | FI 1 |
| BLAKELY, JOHN GAINES | Gaines Reservation and Travel | May 18, 2020 | $322,684 | 69 | FI 1 |
| CHRISTIAN, PETTY, BAPTISTE | Transportation Management Services Inc. | May 20, 2020 | $332,167 | 66 | FI 1 |
| DIXON | Lee Operations LLC | May 20, 2020 | $322,325.20 | 63 | FI 2 |
| DIXON, BLAKELY | RK Painting Co. | May 15, 2020 | $320,000 | 66 | FI 3 |
| DIXON, PARKER | D Parker Holdings Inc. | June 12, 2020 | $327,241 | 65 | FI 4 |
| MEGHAN THOMAS, CHRISTIAN, BELGRAVE | Continuing Success Inc. | June 12, 2020 | $299,250 | 63 | FI 3 |
| DIXON | All Star Room & Board Services of Michigan Inc. | June 11, 2020 | $295,186.25 | 59 | FI 4 |
| MEGHAN THOMAS, BLAKELY, CHRISTIAN, HILL | Infinite Education Services Inc. | July 11, 2020 | $341,992 | 66 | FI 5 |
| DIXON, WHITTLEY | ML Exotic Customs Inc. | June 19, 2020 | $318,909.83 | 65 | FI 5 |
| ASHONG, SALL | Bellevie Corp. | June 26, 2020 | $329,434 | 60 | FI 5 |
| CHRISTIAN | Advertising and Then Some Inc. | June 26, 2020 | $304,038 | 65 | FI 5 |
| CHRISTIAN, MCDUFFIE | Mickies Auto and Tires LLC | August 10, 2020 | $314,864 | 67 | FI 5 |

54.   Each PPP Borrower Application Form was electronically signed on or about the dates listed above.

55.    In addition, the loan applications contained the respective initials of each purported business owner to certify each of the following representations:

   a.    The Applicant business was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC;

   b.    The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and

   c.    The information provided in the application and in all supporting documents and forms is true and accurate in all material respects.

56.    The defendants identified above each submitted, or assisted in the submission of, falsified IRS Form 941s for each quarter of 2019 included with the PPP loan applications listed below.  The Form 941s submitted on behalf of the businesses reported the following payroll figures for each quarter of 2019:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec |
|---|---|---|---|---|
| Bellator Phront Group Inc. | 57 employees $815,954.00 | 59 employees $865,954.00 | 61 employees $895,923.00 | 63 employees $905,132.00 |
| Impact Creations LLC | 57 employees $815,954.00 | 59 employees $865,954.00 | 63 employees $905,132.00 | 63 employees $905,132.00 |
| Gaines Reservation and Travel | 57 employees $815,954.00 | 59 employees $865,954.00 | 63 employees $905,132.00 | 63 employees $905,132.00 |
| Transportation Management Services Inc. | 57 employees $815,954.00 | 59 employees $865,954.00 | 63 employees $905,132.00 | 63 employees $905,132.00 |
| Lee Operations LLC | 57 employees $815,954.00 | 59 employees $865,954.00 | 63 employees $905,132.00 | 63 employees $905,132.00 |

| | | | | |
|---|---|---|---|---|
| RK Painting Co. | 57 employees $815,954 | 59 employees $865,954 | 63 employees $905,132 | 63 employees $905,132 |
| D Parker Holdings Inc. | 53 employees $927,116 | 55 employees $947,814 | 58 employees $963,247 | 62 employees $998,896 |
| Continuing Success Inc. | 57 employees $815,954 | 59 employees $865,954 | 63 employees $905,132 | 63 employees $905,132 |
| All Star Room & Board Services of Michigan Inc. | 50 employees $855,927 | 53 employees $864,247 | 59 employees $897,814 | 59 employees $924,247 |
| Infinite Education Services Inc. | 66 employees $1,167,755.86 | 63 employees $973,277 | 65 employees $998,785 | 66 employees $1,167,755.86 |
| ML Exotic Customs Inc. | 55 employees $936,387 | 57 employees $947,909 | 61 employees $963,257 | 65 employees $979,365 |
| Bellevie Corp. | 55 employees $971,407.67 | 57 employees $981,437.67 | 59 employees $993,300.67 | 60 employees $1,007,057.40 |
| Advertising and Then Some Inc. | 54 employees $877,116 | 57 employees $905,852 | 63 employees $925,741 | 65 employees $940,291 |
| Mickies Auto and Tires LLC | 59 employees $969,715.17 | 63 employees $985,954 | 65 employees $1,009,618 | 67 employees $1,034,306 |

57.     The PPP loan applications for Gaines Reservation and Travel,
Impact Creations LLC, Transportation Management Services Inc., and Lee
Operations LLC also included falsified bank statements.  Specifically:

> a.     The applications for Gaines Reservation and Travel,
> Impact Creations LLC, and Transportation Management
> Services Inc. included substantially identical falsified bank
> statements purporting to show the businesses' purported
> balances at Bank 1 for February 2020.  In fact, the Bank 1
> accounts for Impact Creations LLC and Transportation
> Management Services, Inc. were not opened until April 2020,
> and the Bank 1 account statement for Gaines Reservation and
> Travel for February 2020 was materially different from the

11

falsified statement that Gaines Reservation and Travel submitted.

    b.    The application for Lee Operations included a falsified bank statement that purported to show Lee Operations LLC's balance at Bank 2 for February 2020. In fact, the Bank 2 account statement for Lee Operations LLC for February 2020 was materially different from the falsified statement that Lee Operations submitted.

58.    The PPP applications for RK Painting Co., D Parker Holdings Inc., Continuing Success Inc., All Star Room and Board Services of Michigan Inc., Infinite Education Services Inc., ML Exotic Customs Inc., Bellevie Corp., Advertising and Then Some Inc., and Mickies Auto and Tires LLC included falsified payroll documentation, including purported payroll spreadsheets.

*PPP Loan Funding and Transfers of Money*

59.    Based on the fraudulent and false representations and submissions made by the defendants identified above, the PPP lenders that received the applications funded the PPP loans as follows:

    a.    On or about May 19, 2020, approximately $799,955.35 in PPP loan funds was distributed by Financial Institution 4 to Bellator Phront Group Inc.

    b.    On or about May 19, 2020, approximately $830,000 in PPP loan funds was distributed by Financial Institution 1, through Company 1, to Impact Creations LLC.

12

c.  On or about May 18, 2020, approximately $806,710 in PPP loan funds was distributed by Financial Institution 1, through Company 1, to Gaines Reservation and Travel.

d.  On or about May 21, 2020, approximately $830,417 in PPP loan funds was distributed by Financial Institution 1, through Company 1, to Transportation Management Services Inc.

e.  On or about May 21, 2020, approximately $805,813 in PPP loan funds was distributed by Financial Institution 2, through Company 1, to Lee Operations LLC.

f.  On or about June 8, 2020, approximately $775,000 in PPP loan funds was distributed by Financial Institution 3 to RK Painting Co.

g.  On or about June 17, 2020, approximately $818,102 in PPP loan funds was distributed by Financial Institution 4 to D Parker Holdings Inc.

h.  On or about June 30, 2020, approximately $727,000 in PPP loan funds was distributed by Financial Institution 3 to Continuing Success Inc.

i.  On or about June 30, 2020, approximately $737,965 in PPP loan funds was distributed by Financial Institution 4 to All Star Room and Board Services of Michigan Inc.

j.  On or about July 11, 2020, approximately $854,805 in PPP loan funds was distributed by Financial Institution 5 to Infinite Education Services Inc.

k.  On or about July 17, 2020, approximately $797,275 in PPP loan funds was distributed by Financial Institution 5 to ML Exotic Customs Inc.

l.  On or about August 7, 2020, approximately $823,585 in PPP loan funds was distributed by Financial Institution 5 to Bellevie Corp.

m.  On or about July 23, 2020, approximately $760,207 in PPP loan funds was distributed by Financial Institution 5 to Advertising and Then Some Inc.

n.  On or about August 12, 2020, approximately $787,160 in PPP loan funds was distributed by Financial Institution 5 to Mickies Auto and Tires LLC.

60.  After the PPP loan proceeds were deposited in the businesses' accounts, the defendants transferred, received, or directed the transfer or receipt of some of the PPP proceeds to other individuals and entities known and unknown to the Grand Jury, in an effort to conceal and disguise the ownership and control of the fraudulent loan proceeds, except for the loan proceeds for Advertising and Then Some Inc. and Mickies Auto and Tires LLC, which were frozen shortly after disbursement.

**Count One**
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendant MEGHAN THOMAS)

61.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

62.     From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendant,

MEGHAN THOMAS,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

63.     MEGHAN THOMAS, together with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, conspired to submit

15

false materials, such as a false PPP loan application and false IRS Form 941s to a financial institution to obtain PPP loan funding.

64.     Throughout the conspiracy, MEGHAN THOMAS utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information and false loan application documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

65.     As a result of and based on MEGHAN THOMAS's false representations and certifications and falsified supporting documents, a financial institution issued an approximately $799,955.35 PPP loan to Bellator Phront Group Inc.

All in violation of Title 18, United States Code, Section 1349.

### Count Two
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendant MEGHAN THOMAS)

66.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 63 through 65 of this First Superseding Indictment as if fully set forth herein.

67.     On or about April 21, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

MEGHAN THOMAS,

aided and abetted by Darrell Thomas and Teldrin Foster and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money

16

and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Bellator Phront Group Inc.'s payroll expenses and the purpose of the applied-for PPP loan and attaching falsified tax documentation for each quarter of 2019.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Three**
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendant BLAKELY)

68.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

69.    From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendant,

JESIKA BLAKELY,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Kahlil Gibran Green, Sr., Darrell Thomas, and Teldrin Foster, and with others known and unknown to the Grand Jury, to:

(a)    execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and

17

under the custody and control of the aforementioned financial

institution by means of materially false and fraudulent pretenses,

representations, and promises and by the omission of material facts,

in violation of Title 18, United States Code, Section 1344; and

(b)   devise and intend to devise a scheme and artifice to defraud, and to

obtain money and property, by means of materially false and

fraudulent pretenses, representations, and promises, and by the

omission of material facts, well knowing and having reason to know

that said pretenses were and would be false and fraudulent when

made and caused to be made and that said omissions were and

would be material, and, in so doing, caused interstate and foreign

wire communications to be made, in furtherance of the scheme and

artifice to defraud, in violation of Title 18, United States Code,

Section 1343.

## Manner and Means

70.   BLAKELY, together with Kahlil Gibran Green, Sr., Darrell Thomas,

and Teldrin Foster, and with others known and unknown to the Grand Jury,

conspired to submit false materials, such as a false PPP loan application, false IRS

Form 941s, and a false bank account statement, to a financial institution to obtain

PPP loan funding.

71.   Throughout the conspiracy, BLAKELY utilized interstate wires to

submit and assist in the submission of false documents to a lender when

applying for a PPP loan, including a fabricated bank statement listing inflated

account balances and non-existent transactions, fabricated IRS Form 941s listing

falsified payroll information, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

72.     As a result of and based on BLAKELY's false representations and certifications and falsified supporting documents, a federally insured lender issued an $830,000 PPP loan to Impact Creations LLC.

All in violation of Title 18, United States Code, Section 1349.

## Count Four
*Bank Fraud* – 18 U.S.C. § 1344 and § 2
(Defendant BLAKELY)

73.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 70 through 72 of this First Superseding Indictment as if fully set forth herein.

74.     On or about May 17, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

JESIKA BLAKELY,

aided and abetted by Kahlil Gibran Green, Sr., Darrell Thomas, and Teldrin Foster, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 1, the deposits of which were then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 1.

## Execution of the Bank Fraud Scheme

75.     On or about May 17, 2020, in the Northern District of Georgia and elsewhere, Defendant BLAKELY, aided and abetted by Kahlil Gibran Green, Sr., Darrell Thomas, and Teldrin Foster, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s and a false bank statement for Impact Creations LLC to be transmitted to Financial Institution 1 and making false representations and certifications to Financial Institution 1 regarding Impact Creations LLC's payroll costs, the number of employees, and the purposes of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### Count Five
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendant BLAKELY)

76.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 70 through 72 of this First Superseding Indictment as if fully set forth herein.

77.     On or about May 17, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

JESIKA BLAKELY,

aided and abetted by Kahlil Gibran Green, Sr., Darrell Thomas, and Teldrin Foster, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and

20

fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Impact Creations LLC's payroll expenses and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Six
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendants BLAKELY and JOHN GAINES)

78.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

79.    From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

JESIKA BLAKELY and
JOHN GAINES,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, with Darrell Thomas and Teldrin Foster, and with others known and unknown to the Grand Jury, to:

(a)    execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and

21

under the custody and control of the aforementioned financial

institution by means of materially false and fraudulent pretenses,

representations, and promises and by the omission of material facts,

in violation of Title 18, United States Code, Section 1344; and

(b)     devise and intend to devise a scheme and artifice to defraud, and to

obtain money and property, by means of materially false and

fraudulent pretenses, representations, and promises, and by the

omission of material facts, well knowing and having reason to know

that said pretenses were and would be false and fraudulent when

made and caused to be made and that said omissions were and

would be material, and, in so doing, caused interstate and foreign

wire communications to be made, in furtherance of the scheme and

artifice to defraud, in violation of Title 18, United States Code,

Section 1343.

### Manner and Means

80.     BLAKELY and JOHN GAINES, together with Darrell Thomas and

Teldrin Foster and with others known and unknown to the Grand Jury,

conspired to submit false materials, such as a false PPP loan application, false IRS

Form 941s, and a false bank account statement, to a financial institution to obtain

PPP loan funding.

81.     Throughout the conspiracy, BLAKELY and JOHN GAINES utilized

interstate wires to submit and assist in the submission of false documents to a

lender when applying for a PPP loan, including a fabricated bank statement

listing inflated account balances and non-existent transactions, fabricated IRS

22

Form 941s listing falsified payroll information, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

82.     As a result of and based on BLAKELY's and JOHN GAINES's false representations and certifications and falsified supporting documents, a federally insured lender issued an $806,710 PPP loan to Gaines Reservation and Travel.

All in violation of Title 18, United States Code, Section 1349.

**Count Seven**
*Bank Fraud* – 18 U.S.C. § 1344 and § 2
(Defendants BLAKELY and JOHN GAINES)

83.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 80 through 82 of this First Superseding Indictment as if fully set forth herein.

84.     On or about May 18, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

JESIKA BLAKELY and
JOHN GAINES,

aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 1, the deposits of which were then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 1.

23

**Execution of the Bank Fraud Scheme**

85.    On or about May 18, 2020, in the Northern District of Georgia and elsewhere, Defendants BLAKELY and JOHN GAINES, aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s and a false bank statement for Gaines Reservation and Travel to be transmitted to Financial Institution 1 and making false representations and certifications to Financial Institution 1 regarding Gaines Reservation and Travel's payroll costs and the purposes of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

**Count Eight**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants BLAKELY and JOHN GAINES)

86.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 80 through 82 of this First Superseding Indictment as if fully set forth herein.

87.    On or about May 18, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

JESIKA BLAKELY and
JOHN GAINES,

aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent

24

pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Gaines Reservation and Travel's payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Nine**
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendants CHRISTIAN, PETTY, and BAPTISTE)

88.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

89.    From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

AMANDA CHRISTIAN,
CHARLES PETTY, and
JERRY BAPTISTE,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, with Bern Benoit, Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, to:

(a)     execute a scheme and artifice to defraud a financial institution, the

deposits of which were insured by the FDIC, and to obtain moneys,

funds, credits, assets, securities, and other property owned by and

under the custody and control of the aforementioned financial

institution by means of materially false and fraudulent pretenses,

representations, and promises and by the omission of material facts,

in violation of Title 18, United States Code, Section 1344; and

(b)     devise and intend to devise a scheme and artifice to defraud, and to

obtain money and property, by means of materially false and

fraudulent pretenses, representations, and promises, and by the

omission of material facts, well knowing and having reason to know

that said pretenses were and would be false and fraudulent when

made and caused to be made and that said omissions were and

would be material, and, in so doing, caused interstate and foreign

wire communications to be made, in furtherance of the scheme and

artifice to defraud, in violation of Title 18, United States Code,

Section 1343.

## Manner and Means

90.     CHRISTIAN, PETTY, and BAPTISTE, together with Bern Benoit, Darrell

Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and

unknown to the Grand Jury, conspired to submit false materials, such as a false

PPP loan application, false IRS Form 941s, and a false bank account statement, to

a financial institution to obtain PPP loan funding.

91.     Throughout the conspiracy, CHRISTIAN, PETTY, and BAPTISTE utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including a fabricated bank statement listing inflated account balances and non-existent transactions, fabricated IRS Form 941s listing falsified payroll information, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

92.     As a result of and based on CHRISTIAN's, PETTY's, and BAPTISTE's false representations and certifications and falsified supporting documents, a federally insured lender issued an $830,417 PPP loan to Transportation Management Services Inc.

All in violation of Title 18, United States Code, Section 1349.

**Count Ten**
*Bank Fraud* – 18 U.S.C. § 1344 and § 2
(Defendants CHRISTIAN, PETTY, and BAPTISTE)

93.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 90 through 92 of this First Superseding Indictment as if fully set forth herein.

94.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

AMANDA CHRISTIAN,
CHARLES PETTY, and
JERRY BAPTISTE,

aided and abetted by each other, by Bern Benoit, Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury,

27

did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 1, the deposits of which were then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 1.

### Execution of the Bank Fraud Scheme

95.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, Defendants CHRISTIAN, PETTY, and BAPTISTE, aided and abetted by each other, by Bern Benoit, Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s and a false bank statement for Transportation Management Services Inc. to be transmitted to Financial Institution 1 and making false representations and certifications to Financial Institution 1 regarding Transportation Management Services Inc.'s payroll costs and the purpose of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

**Count Eleven**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants CHRISTIAN, PETTY, and BAPTISTE)

96.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 90 through 92 of this First Superseding Indictment as if fully set forth herein.

28

97.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

AMANDA CHRISTIAN,
CHARLES PETTY, and
JERRY BAPTISTE,

aided and abetted by each other, by Bern Benoit, Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Transportation Management Services Inc.'s payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Twelve**
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendant DIXON)

98.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

99.    From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendant,

RICKY DIXON,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, to:

(a)    execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the aforementioned financial institution by means of materially false and fraudulent pretenses, representations, and promises and by the omission of material facts, in violation of Title 18, United States Code, Section 1344; and

(b)    devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

100.     DIXON, together with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s, and a false bank account statement, to a financial institution to obtain PPP loan funding.

101.     Throughout the conspiracy, DIXON utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including a fabricated bank statement listing inflated account balances and non-existent transactions, fabricated IRS Form 941s listing falsified payroll information, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

102.     As a result of and based on DIXON's false representations and certifications and falsified supporting documents, a federally insured lender issued an $805,813 PPP loan to Lee Operations LLC.

All in violation of Title 18, United States Code, Section 1349.

**Count Thirteen**
*Bank Fraud* – 18 U.S.C. § 1344 and § 2
(Defendant DIXON)

103.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 100 through 102 of this First Superseding Indictment as if fully set forth herein.

104.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

31

RICKY DIXON,

aided and abetted by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 2, the deposits of which were then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 2.

### Execution of the Bank Fraud Scheme

105.    On or about May 20, 2020, in the Northern District of Georgia and elsewhere, Defendant DIXON, aided and abetted by Darrell Thomas and Teldrin Foster and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s and a false bank statement for Lee Operations to be transmitted to Financial Institution 2 and making false representations and certifications to Financial Institution 2 regarding Lee Operations' payroll costs and the purposes of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### Count Fourteen
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendant DIXON)

106.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 100 through 102 of this First Superseding Indictment as if fully set forth herein.

107.    On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

RICKY DIXON,

aided and abetted by Darrell Thomas and Teldrin Foster and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Lee Operations' payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Fifteen**
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendants DIXON and BLAKELY)

108.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

109.    From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON and
33

JESIKA BLAKELY,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, with Darrell Thomas and Teldrin Foster, and with others known and unknown to the Grand Jury, to:

    (a)    execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the aforementioned financial institution by means of materially false and fraudulent pretenses, representations, and promises and by the omission of material facts, in violation of Title 18, United States Code, Section 1344; and

    (b)    devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

110.    DIXON and BLAKELY, together with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s,

a false profit and loss statement, and a false payroll spreadsheet, to a financial institution to obtain PPP loan funding.

111.    Throughout the conspiracy, DIXON, and BLAKELY utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including a fabricated profit and loss statement that listed inflated financial information, fabricated IRS Form 941s listing falsified payroll information, a fabricated payroll spreadsheet listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

112.    As a result of and based on DIXON's and BLAKELY's false representations and certifications and falsified supporting documents, a federally insured lender issued a $775,000 PPP loan to RK Painting Co.

All in violation of Title 18, United States Code, Section 1349.

**Count Sixteen**
*Bank Fraud – 18 U.S.C. § 1344 and § 2*
(Defendants DIXON and BLAKELY)

113.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 110 through 112 of this First Superseding Indictment as if fully set forth herein.

114.    On or about May 15, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON and
JESIKA BLAKELY,

35

aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 3, the deposits of which were then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 3.

### Execution of the Bank Fraud Scheme

115.    On or about May 15, 2020, in the Northern District of Georgia and elsewhere, Defendants DIXON, and BLAKELY, aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s, a false profit and loss statement, and a false payroll spreadsheet to be transmitted to Financial Institution 3 and making false representations and certifications to Financial Institution 3 regarding RK Painting Co.'s payroll costs and the purposes of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

**Count Seventeen**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants DIXON and BLAKELY)

116.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 110 through 112 of this First Superseding Indictment as if fully set forth herein.

117.    On or about May 15, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON and
JESIKA BLAKELY,

aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to RK Painting Co.'s payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019, a falsified profit and loss statement, and a falsified payroll spreadsheet.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Eighteen**
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants DIXON and PARKER)

118.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

119.    From in or about April 2020 through in or about June 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON and
DEREK PARKER,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, with Darrell Thomas and Teldrin Foster, and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

120.    DIXON and PARKER, together with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, conspired to

submit false materials, such as a false PPP loan application, false IRS Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

121.    Throughout the conspiracy, DIXON and PARKER utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

122.    As a result of and based on DIXON's and PARKER's false representations and certifications and falsified supporting documents, a financial institution issued an $818,102 PPP loan to D Parker Holdings Inc.

All in violation of Title 18, United States Code, Section 1349.

### Count Nineteen
*Wire Fraud – 18 U.S.C. § 1343 and § 2*
(Defendants DIXON and PARKER)

123.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 120 through 122 of this First Superseding Indictment as if fully set forth herein.

124.    On or about June 12, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON and
DEREK PARKER,

aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to D Parker Holdings Inc.'s payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Twenty
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendants MEGHAN THOMAS, CHRISTIAN, and BELGRAVE)

125.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

126.    From in or about April 2020 through in or about June 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

MEGHAN THOMAS,
AMANDA CHRISTIAN, and
DAVID BELGRAVE II,

did knowingly and willfully combine, conspire, confederate, agree, and have a

tacit understanding with each other, with Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, to:

(a)    execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the aforementioned financial institution by means of materially false and fraudulent pretenses, representations, and promises and by the omission of material facts, in violation of Title 18, United States Code, Section 1344; and

(b)    devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

127.    MEGHAN THOMAS, CHRISTIAN, and BELGRAVE, together with Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false

PPP loan application, false IRS Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

128.    Throughout the conspiracy, MEGHAN THOMAS, CHRISTIAN, and BELGRAVE utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

129.    As a result of and based on MEGHAN THOMAS's, CHRISTIAN's, and BELGRAVE's false representations and certifications and falsified supporting documents, a federally insured lender issued a $727,000 PPP loan to Continuing Success Inc.

All in violation of Title 18, United States Code, Section 1349.

**Count Twenty-One**
*Bank Fraud – 18 U.S.C. § 1344 and § 2*
(Defendants MEGHAN THOMAS, CHRISTIAN, and BELGRAVE)

130.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 127 through 129 of this First Superseding Indictment as if fully set forth herein.

131.    On or about June 12, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

MEGHAN THOMAS,
AMANDA CHRISTIAN, and
DAVID BELGRAVE II,

42

aided and abetted by each other, by Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 3, the deposits of which were then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 3.

### Execution of the Bank Fraud Scheme

132.   On or about June 12, 2020, in the Northern District of Georgia and elsewhere, Defendants MEGHAN THOMAS, CHRISTIAN, and BELGRAVE, aided and abetted by each other, by Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s and false payroll spreadsheets to be transmitted to Financial Institution 3 and making false representations and certifications to Financial Institution 3 regarding Continuing Success Inc.'s payroll costs and the purposes of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

**Count Twenty-Two**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants MEGHAN THOMAS, CHRISTIAN, and BELGRAVE)

133.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 127 through 129 of this First Superseding Indictment as if fully set forth herein.

134.   On or about June 12, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

MEGHAN THOMAS,
AMANDA CHRISTIAN, and
DAVID BELGRAVE II,

aided and abetted by each other, by Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Continuing Success Inc.'s payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

44

## Count Twenty-Three
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendant DIXON)

135.    The Grand Jury re-alleges and incorporates by reference the factual

allegations contained in paragraphs 1 through 60 of this First Superseding

Indictment as if fully set forth herein.

136.    From in or about April 2020 through in or about June 2020, the exact

dates unknown, in the Northern District of Georgia and elsewhere, the

Defendant,

RICKY DIXON,

did knowingly and willfully combine, conspire, confederate, agree, and have a

tacit understanding with Charmaine Redding, Darrell Thomas, and Teldrin

Foster, and with others known and unknown to the Grand Jury, to devise and

intend to devise a scheme and artifice to defraud, and to obtain money and

property, by means of materially false and fraudulent pretenses, representations,

and promises, and by the omission of material facts, well knowing and having

reason to know that said pretenses were and would be false and fraudulent

when made and caused to be made and that said omissions were and would be

material, and, in so doing, caused interstate and foreign wire communications to

be made, in furtherance of the scheme and artifice to defraud, in violation of Title

18, United States Code, Section 1343.

### Manner and Means

137.    DIXON, together with Charmaine Redding, Darrell Thomas, and

Teldrin Foster, and with others known and unknown to the Grand Jury,

conspired to submit false materials, such as a false PPP loan application, false IRS

Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

138.    Throughout the conspiracy, DIXON utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

139.    As a result of and based on DIXON's false representations and certifications and falsified supporting documents, a financial institution issued a $737,965 PPP loan to All Star Room and Board Services of Michigan Inc.

All in violation of Title 18, United States Code, Section 1349.

### Count Twenty-Four
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendant DIXON)

140.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 137 through 139 of this First Superseding Indictment as if fully set forth herein.

141.    On or about June 11, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

RICKY DIXON,

aided and abetted by Charmaine Redding, Darrell Thomas, and Teldrin Foster, and by others known and unknown to the Grand Jury, for the purpose of

executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to All Star Room and Board Services of Michigan Inc.'s payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Twenty-Five
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MEGHAN THOMAS, BLAKELY, CHRISTIAN, and HILL)

142.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

143.    From in or about April 2020 through in or about July 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

MEGHAN THOMAS,
JESIKA BLAKELY,
AMANDA CHRISTIAN, and
CHARLES HILL IV,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, with Darrell Thomas, Teldrin Foster, and

Denesseria Slaton, and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

144.    MEGHAN THOMAS, BLAKELY, CHRISTIAN, and HILL, together with Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

145.    Throughout the conspiracy, MEGHAN THOMAS, BLAKELY, CHRISTIAN, and HILL utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

146.    As a result of and based on MEGHAN THOMAS's, BLAKELY's, CHRISTIAN's, and HILL's false representations and certifications and falsified

supporting documents, a financial institution issued an $854,805 PPP loan to Infinite Education Services Inc.

All in violation of Title 18, United States Code, Section 1349.

**Count Twenty-Six**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants MEGHAN THOMAS, BLAKELY, CHRISTIAN, and CHARLES HILL)

147.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 144 through 146 of this First Superseding Indictment as if fully set forth herein.

148.    On or about July 11, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

MEGHAN THOMAS,
JESIKA BLAKELY,
AMANDA CHRISTIAN, and
CHARLES HILL IV,

aided and abetted by each other, by Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Infinite Education Services Inc.'s payroll obligations and

the purposes of the applied-for PPP loan, and attaching falsified tax

documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Twenty-Seven**
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants DIXON and WHITTLEY)

149.    The Grand Jury re-alleges and incorporates by reference the factual

allegations contained in paragraphs 1 through 60 of this First Superseding

Indictment as if fully set forth herein.

150.    From in or about April 2020 through in or about June 2020, the exact

dates unknown, in the Northern District of Georgia and elsewhere, the

Defendants,

RICKY DIXON and
RYAN WHITTLEY,

did knowingly and willfully combine, conspire, confederate, agree, and have a

tacit understanding with each other, with Darrell Thomas and Teldrin Foster,

and with others known and unknown to the Grand Jury, to devise and intend to

devise a scheme and artifice to defraud, and to obtain money and property, by

means of materially false and fraudulent pretenses, representations, and

promises, and by the omission of material facts, well knowing and having reason

to know that said pretenses were and would be false and fraudulent when made

and caused to be made and that said omissions were and would be material, and,

in so doing, caused interstate and foreign wire communications to be made, in

furtherance of the scheme and artifice to defraud, in violation of Title 18, United

States Code, Section 1343.

## Manner and Means

151.   DIXON and WHITTLEY, together with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

152.   Throughout the conspiracy, DIXON and WHITTLEY utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

153.   As a result of and based on DIXON's and WHITTLEY's false representations and certifications and falsified supporting documents, a financial institution issued a $797,275 PPP loan to ML Exotic Customs Inc.

All in violation of Title 18, United States Code, Section 1349.

## Count Twenty-Eight
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants DIXON and WHITTLEY)

154.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 151 through 153 of this First Superseding Indictment as if fully set forth herein.

51

155.   On or about June 19, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON and
RYAN WHITTLEY,

aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to ML Exotic Customs Inc.'s payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Twenty-Nine**
*Aggravated Identity Theft* – 18 U.S.C. § 1028A and § 2
(Defendant DIXON)

156.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 151 through 153 of this First Superseding Indictment as if fully set forth herein.

157.   On or about June 19, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

RICKY DIXON,

52

aided and abetted by Darrell Thomas and Teldrin Foster and by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, a social security number and date of birth belonging to "S.R.," during and in relation to a felony offense, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Twenty-Eight of this First Superseding Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

### Count Thirty
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants ASHONG and SALL)

158.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

159.    From in or about April 2020 through in or about June 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

DWAN ASHONG and
EL HADJ SALL,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, with Darrell Thomas and Teldrin Foster, and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason

to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

160.    ASHONG and SALL, together with Darrell Thomas and Teldrin Foster and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

161.    Throughout the conspiracy, ASHONG and SALL utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

162.    As a result of and based on ASHONG's and SALL's false representations and certifications and falsified supporting documents, a financial institution issued an $823,585 PPP loan to Bellevie Corp.

All in violation of Title 18, United States Code, Section 1349.

**Count Thirty-One**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants ASHONG and SALL)

163.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 160 through 162 of this First Superseding Indictment as if fully set forth herein.

164.    On or about June 26, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

DWAN ASHONG and
EL HADJ SALL,

aided and abetted by each other, by Darrell Thomas and Teldrin Foster, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Bellevie Corp.'s payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Thirty-Two**
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendant CHRISTIAN)

165.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

166.    From in or about April 2020 through in or about June 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendant,

AMANDA CHRISTIAN,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

167.    CHRISTIAN, together with Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS

Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

168.   Throughout the conspiracy, CHRISTIAN utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

169.   As a result of and based on CHRISTIAN's false representations and certifications and falsified supporting documents, a financial institution issued a $760,207 PPP loan to Advertising and Then Some Inc.

All in violation of Title 18, United States Code, Section 1349.

## Count Thirty-Three
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendant CHRISTIAN)

170.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 167 through 169 of this First Superseding Indictment as if fully set forth herein.

171.   On or about June 19, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

AMANDA CHRISTIAN,

aided and abetted by Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, for the purpose of executing

and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Advertising and Then Some Inc.'s payroll obligations and the purpose of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count Thirty-Four
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants CHRISTIAN and MCDUFFIE)

172.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 of this First Superseding Indictment as if fully set forth herein.

173.    From in or about April 2020 through in or about August 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

AMANDA CHRISTIAN and
RICK MCDUFFIE,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, with Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain

money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

174.    CHRISTIAN and MCDUFFIE, together with Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s, and false payroll spreadsheets, to a financial institution to obtain PPP loan funding.

175.    Throughout the conspiracy, CHRISTIAN and MCDUFFIE utilized interstate wires to submit and assist in the submission of false documents to a lender when applying for a PPP loan, including fabricated IRS Form 941s listing falsified payroll information, fabricated payroll spreadsheets listing non-existent employees and payroll expenses, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

176.    As a result of and based on CHRISTIAN's and MCDUFFIE's false representations and certifications and falsified supporting documents, a financial institution issued a $787,160 PPP loan to Mickies Auto and Tires LLC.

All in violation of Title 18, United States Code, Section 1349.

**Count Thirty-Five**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants CHRISTIAN and MCDUFFIE)

177.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 174 through 176 of this First Superseding Indictment as if fully set forth herein.

178.    On or about August 10, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

AMANDA CHRISTIAN and
RICK MCDUFFIE,

aided and abetted by each other, by Darrell Thomas, Teldrin Foster, and Denesseria Slaton, and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Mickies Auto and Tire's payroll obligations and the purposes of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and falsified payroll spreadsheets.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts Thirty-Six Through Forty-One
*False Statement to a Federally Insured Bank* – 18 U.S.C. § 1014 and § 2
(Defendants Identified Below)

179.    The Grand Jury re-alleges and incorporates by reference the factual

allegations contained in paragraphs 1 through 60, 70 through 72, 80 through 82,

90 through 92, 100 through 102, 110 through 112, and 127 through 129 of this

First Superseding Indictment as if fully set forth herein.

180.    From in or about April 2020 through in or about June 2020, the exact

dates unknown, in the Northern District of Georgia and elsewhere, the

Defendants identified below, aided and abetted by each other, by Darrell

Thomas, Teldrin Foster, Denesseria Slaton, Khalil Gibran Green, Sr., and Bern

Benoit, and by others known and unknown to the Grand Jury, knowingly made a

false statement for the purpose of influencing the actions of the financial

institutions identified below, the accounts of which were insured by the FDIC, in

connection with PPP loan applications by the businesses identified below, in that

the Defendants did the following:

| Count | Defendant(s) | Date (on or about) | False Statements | Financial Institution |
|---|---|---|---|---|
| 36 | JESIKA BLAKELY | May 17, 2020 | BLAKELY, aided and abetted by others known and unknown to the Grand Jury, signed and initialed a PPP Borrower Application Form for Impact Creations LLC falsely certifying that (a) Impact Creations LLC was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain | Financial Institution 1 |

| | | | payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and in all supporting documents and forms is true and accurate in all material respects. | |
|---|---|---|---|---|
| 37 | JESIKA BLAKELY JOHN GAINES | May 18, 2020 | BLAKELY and JOHN GAINES, aided and abetted by each other and by others known and unknown to the Grand Jury, signed and initialed a PPP Borrower Application Form for Gaines Reservation and Travel falsely certifying that (a) Gaines Reservation and Travel was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and in all supporting documents and forms is true and accurate in all material respects. | Financial Institution 1 |
| 38 | AMANDA CHRISTIAN CHARLES PETTY JERRY BAPTISTE | May 20, 2020 | CHRISTIAN, PETTY, and BAPTISTE, aided and abetted by each other and by others known and unknown to the Grand Jury, signed and initialed a PPP Borrower Application Form for Transportation Management Services Inc. falsely certifying that (a) Transportation Management Services Inc. was in operation on February 15, | Financial Institution 1 |

| | | | 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and in all supporting documents and forms is true and accurate in all material respects. | |
|---|---|---|---|---|
| 39 | RICKY DIXON | May 20, 2020 | RICKY DIXON, aided and abetted by others known and unknown to the Grand Jury, signed and initialed a PPP Borrower Application Form for Lee Operations LLC falsely certifying that (a) Lee Operations LLC was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and in all supporting documents and forms is true and accurate in all material respects. | Financial Institution 2 |
| 40 | RICKY DIXON JESIKA BLAKELY | May 15, 2020 | DIXON and BLAKELY, aided and abetted by each other and by others known and unknown to the Grand Jury, signed and initialed a PPP Borrower Application Form for RK Painting Co. falsely certifying that (a) RK Painting Co. was in operation | Financial Institution 3 |

| | | | on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and in all supporting documents and forms is true and accurate in all material respects. | |
|---|---|---|---|---|
| 41 | MEGHAN THOMAS AMANDA CHRISTIAN DAVID BELGRAVE II | June 12, 2020 | MEGHAN THOMAS, CHRISTIAN, and BELGRAVE, aided and abetted by each other and by others known and unknown to the Grand Jury, signed and initialed a PPP Borrower Application Form for Continuing Success Inc. falsely certifying that (a) Continuing Success Inc. was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and in all supporting documents and forms is true and accurate in all material respects. | Financial Institution 3 |

All in violation of Title 18, United States Code, Section 1014 and

Section 2.

## Counts Forty-Two through Fifty-Eight
*Money Laundering* – 18 U.S.C. § 1956 and § 2
(Defendants Identified Below)

181.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60, 63 through 65, 80 through 82, 90 through 92, 100 through 102, 110 through 112, 120 through 122, 127 through 129, and 144 through 146 of this First Superseding Indictment as if fully set forth herein.

182.   From in or about May 2020 through in or about September 2020, in the Northern District of Georgia and elsewhere, the Defendants identified below, aided and abetted by each other, by Darrell Thomas, and by others known and unknown to the Grand Jury, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Defendant(s) | Date (on or about) | Description of Transaction |
|---|---|---|---|
| 42 | RICKY DIXON | June 26, 2020 | Approximately $82,400 wire transfer from Bank 6 account ending in 6131, held in the name of Bellator Phront Group Inc., to Bank 2 account ending in 2768, held in the name of AF Holdings Inc. |
| 43 | RICKY DIXON | June 2, 2020 | Approximately $102,000 wire transfer from Bank 4 account ending in 4823, held in the name of Elite Executive Services |

| | | | Inc., to Bank 2 account ending in 2768, held in the name of AF Holdings Inc. |
|---|---|---|---|
| 44 | JOHN GAINES | May 29, 2020 | Approximately $93,785 check withdrawn from Bank 1 account ending in 6500, held in the name of Gaines Reservation and Travel, and deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
| 45 | JOHN GAINES | June 16, 2020 | Approximately $169,998.72 check withdrawn from Bank 1 account ending in 6500, held in the name of Gaines Reservation and Travel, and deposited into Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
| 46 | JOHN GAINES CARLA JACKSON | June 8, 2020 | Approximately $155,252.50 wire transfer from Bank 1 account ending in 6500, held in the name of Gaines Reservation and Travel, to Bank 5 account ending in 1207, held in the name of Management Resource Services Inc. |
| 47 | JOHN GAINES CARLA JACKSON | June 22, 2020 | Approximately $179,985.72 wire transfer from Bank 3 account ending in 5124, held in the name of Gaines Reservation and Travel, to Bank 5 account ending in 1207, held in the name of Management Resource Services Inc. |
| 48 | CHARLES PETTY JERRY BAPTISTE | May 29, 2020 | Approximately $185,000 check withdrawn from Bank 1 account ending in 6415, held in the name of Transportation Management Services Inc., and deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
| 49 | CHARLES PETTY JERRY BAPTISTE | June 15, 2020 | Approximately $100,000 check withdrawn from Bank 1 account ending in 6415, held in the name of Transportation Management Services Inc., and deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
| 50 | CHARLES PETTY JERRY BAPTISTE | June 15, 2020 | Approximately $169,998.72 wire transfer from Bank 1 account ending in 6415, held in the name of Transportation Management Services Inc., to Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
| 51 | RICKY DIXON | May 21, 2020 | Approximately $803,775.89 wire transfer from Bank 2 account ending in 5085, held |

| | | | in the name of Lee Operations, to Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
|---|---|---|---|
| 52 | RICKY DIXON | June 9, 2020 | Approximately $175,000 check from Bank 7 Bank account ending in 5594, held in the name of RK Painting Co., deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
| 53 | RICKY DIXON DEREK PARKER | June 19, 2020 | Approximately $163,625 wire transfer from Bank 4 account ending in 9593, held in the name of D Parker Holdings Inc., to Bank 6 account ending in 6131, held in the name of Bellator Phront Group Inc. |
| 54 | JESIKA BLAKELY DAVID BELGRAVE II | September 18, 2020 | Approximately $5,000 ACH transfer from Bank 8 account ending in 4647, held in the name of J.L., to Bank 6 account ending in 5550, held in the name of Manchester Alliance. |
| 55 | JESIKA BLAKELY CHARLES HILL IV | July 21, 2020 | Approximately $282,633 wire transfer from Bank 5 account ending in 5633, held in the name of Infinite Education Services Inc., to Bank 8 account ending in 6687, held in the name of Rapid Pay Card. |
| 56 | JESIKA BLAKELY CHARLES HILL IV | August 11, 2020 | Approximately $281,496 wire transfer from Bank 5 account ending in 5633, held in the name of Infinite Education Services Inc., to Bank 8 account ending in 6687, held in the name of Rapid Pay Card. |
| 57 | DWAN ASHONG | July 21, 2020 | Approximately $134,873 wire transfer from Bank 5 account ending in 5633, held in the name of Infinite Education Services Inc., to Bank 9 account ending in 9950, held in the name of Richland Property Investment Group. |
| 58 | DWAN ASHONG | June 2, 2020 | Approximately $47,400 check from Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc., deposited into Bank 1 account ending in 1813, held in the name of DA Gilpen Enterprises LLC. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

**Count Fifty-Nine**
*Conspiracy to Commit Money Laundering* – 18 U.S.C. § 1956(h)
(Defendants BLAKELY, ASHONG, and BELGRAVE)

183.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 127 through 129 of this First Superseding Indictment as if fully set forth herein.

184.    From in or about June 2020 through in or about September 2020, in the Northern District of Georgia and elsewhere, the Defendants,

JESIKA BLAKELY
DWAN ASHONG, and
DAVID BELGRAVE II,

did knowingly combine, conspire, and agree with each other, with Darrell Thomas and Denesseria Slaton, and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, bank fraud in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**Manner and Means**

185.    BLAKELY, ASHONG, and BELGRAVE, together with Darrell Thomas and Denesseria Slaton and with others known and unknown to the Grand Jury, conspired to engage in financial transactions with the proceeds of Continuing Success Inc.'s PPP loan proceeds that were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of Continuing Success Inc.'s PPP loan proceeds.

186.    Throughout the conspiracy, BLAKELY, ASHONG, and BELGRAVE conducted and attempted to conduct various financial transactions, including:

a.    On or about June 30, 2020, August 5, 2020, and September 11, 2020, wire transfers of approximately $168,875.35 each from Bank 11 account ending in 4282, held in the name Continuing Success Inc., to Bank 8 account ending in 6687, held in the name of Rapid Pay Card;

b.    On or about June 30, 2020, a wire transfer of approximately $195,000 from Bank 11 account ending in 4282, held in the name of Continuing Success Inc., to Bank 1 account ending in 1588, held in the name of Richland Property Investors Group.

All in violation of Title 18, United States Code, Section 1956(h).

**Count Sixty**

*Conspiracy to Commit Money Laundering* – 18 U.S.C. § 1956(h)
(Defendants DIXON, BLAKELY, and ASHONG)

187.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 137 through 139 of this First Superseding Indictment as if fully set forth herein.

188.    From in or about June 2020 through in or about September 2020, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON,
JESIKA BLAKELY, and
DWAN ASHONG,

did knowingly combine, conspire, and agree with each other, with Darrell Thomas and Charmaine Redding, and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**Manner and Means**

189.    DIXON, BLAKELY, and ASHONG, together with Darrell Thomas and Charmaine Redding and with others known and unknown to the Grand Jury, conspired to engage in financial transactions with the proceeds of All Star Room and Board Services of Michigan Inc.'s PPP loan proceeds that were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of All Star Room and Board Services of Michigan Inc.'s PPP loan proceeds.

190.    Throughout the conspiracy, DIXON, BLAKELY, and ASHONG conducted and attempted to conduct various financial transactions, including:

a.    On or about July 1, 2020, August 17, 2020, and September 28, 2020, wire transfers of approximately $153,825.28 from Bank 12 account ending in 4672, held in the name of All Star Room & Board Services of Michigan, Inc., to Bank 8 account ending in 6687, held in the name of Rapid Pay Card;

b.    On or about July 1, 2020, a wire transfer of approximately $175,800 from Bank 12 account ending in 4672, held in the name of All Star Room & Board Services of Michigan, Inc., to Bank 1 account ending in 1588, held in the name of Richland Property Investors Group.

All in violation of Title 18, United States Code, Section 1956(h).

**Count Sixty-One**
*Conspiracy to Commit Money Laundering* – 18 U.S.C. § 1956(h)
(Defendants DIXON, BLAKELY, and WHITTLEY)

191.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 151 through 153 of this First Superseding Indictment as if fully set forth herein.

192.    From in or about July 2020 through in or about November 2020, in the Northern District of Georgia and elsewhere, the Defendants,

RICKY DIXON,
JESIKA BLAKELY, and
RYAN WHITTLEY,

did knowingly combine, conspire, and agree with each other, with Darrell Thomas, and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Manner and Means

193.   DIXON, BLAKELY, and WHITTLEY, together with Darrell Thomas and with others known and unknown to the Grand Jury, conspired to engage in financial transactions with the proceeds of ML Exotic Customs Inc.'s PPP loan proceeds that were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of ML Exotic Customs Inc.'s PPP loan proceeds.

194.   Throughout the conspiracy, DIXON, BLAKELY, and WHITTLEY conducted and attempted to conduct various financial transactions, including:

    a.    On or about July 29, 2020 and August 27, 2020, wire transfers of approximately $289,441 from Bank 15 account ending in 3842, held in the name of ML Exotic Customs Inc., to Bank 8 account ending in 6687, held in the name of Rapid Pay Card;

    b.    On or about October 20, 2020, a wire transfer of approximately $92,000 from a bank account held in the name of ML Exotic Customs Inc., to Bank 13 account ending in 6020, held in the name of Cronus Capital Acquisitions; and

    c.    On or about October 26, 2020, a $23,000 check from Bank 13 account ending in 6020, held in the name of Cronus Capital Acquisitions, cashed at the New Dolton Currency Exchange in Chicago, Illinois.

All in violation of Title 18, United States Code, Section 1956(h).

**Count Sixty-Two**
*Conspiracy to Commit Money Laundering* – 18 U.S.C. § 1956(h)
(Defendants BLAKELY, ASHONG and SALL)

195.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 60 and 160 through 162 of this First Superseding Indictment as if fully set forth herein.

196.    From in or about August 2020 through in or about October 2020, in the Northern District of Georgia and elsewhere, the Defendants,

JESIKA BLAKELY,
DWAN ASHONG, and
EL HADJ SALL,

did knowingly combine, conspire, and agree with each other, with Darrell Thomas, and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**Manner and Means**

197.    BLAKELY, ASHONG, and SALL, together with Darrell Thomas and with others known and unknown to the Grand Jury, conspired to engage in financial

transactions with the proceeds of Bellevie Corp.'s PPP loan proceeds that were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of Bellevie Corp.'s PPP loan proceeds.

198.    Throughout the conspiracy, BLAKELY, ASHONG, and SALL conducted and attempted to conduct various financial transactions, including:

      a.  On or about September 1, 2020, a wire transfer of approximately $535,000 from Bank 1 account ending in 5393, held in the name of Bellevie Corp., to Bank 8 account ending in 6687, held in the name of Rapid Pay Card;

      b.  On or about September 21, 2020, a wire transfer of approximately $200,000 from Bank 1 account ending in 5393, held in the name of Bellevie Corp., to Bank 1 account ending in 1813, held in the name of DA Gilpen Enterprises LLC;

      c.  On or about September 21, 2020, a wire transfer of approximately $143,000 from Bank 1 account ending in 1813, held in the name of DA Gilpen Enterprises LLC, to Bank 17 account ending in 6801, held in the name of Hgreg Lux for the purchase of a 2019 Land Rover Range Rover vehicle.

All in violation of Title 18, United States Code, Section 1956(h).

### Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One through Forty-One of this First Superseding Indictment, the Defendants,

RICKY DIXON,
MEGHAN THOMAS,

75

JESIKA BLAKELY,
AMANDA CHRISTIAN,
DWAN ASHONG,
JOHN GAINES,
CHARLES PETTY,
JERRY BAPTISTE,
DEREK PARKER,
DAVID BELGRAVE II,
CHARLES HILL IV,
RYAN WHITTLEY,
EL HADJ SALL, and
RICK MCDUFFIE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of such violation, including but not limited to the following:

(a) MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the Defendant obtained as a result of the offense for which the Defendant is convicted.

(b) FUNDS:

1. $1,113,113.97 in funds seized from Bank 4 account number XXXXXXXX4823 held in the name of Elite Executive Services, Inc.

2. $536,875.00 in funds seized from Bank 4 account number XXXXXXXX8102 held in the name of Bellator Phront Group, Inc.

3.  $431,408.28 in funds seized from Bank 1 account number XXXXX6415 held in the name of Transportation Management Services Inc.

4.  $341,151.47 in funds seized from Bank 4 account number XXXXXXXX3940 held in the name of Bellator Phront Group, LLC.

5.  $295,717.61 in funds seized from Bank 5 account number XXXXXX1207 held in the name of Management Resource Services.

6.  $177,828.46 in funds seized from Bank 1 account number XXXXX6500 held in the name of Gaines Reservation and Travel.

7.  $160,025.00 in funds seized from Bank 16 account number XXXXX7522 held in the name of RK Painting Company.

8.  $107,878.14 in funds seized from Bank 7 account number XXXXX5594 held in the name of RK Painting Co.

9.  $30,025.08 in funds seized from Bank 1 account number XXXXXX9428 held in the name of Bern Benoit.

10.  $9,314.28 in funds seized from Bank 3 account number XXXXXX5124 held in the name of Gaines Reservation and Travel.

      11.    $256.67 in funds seized from Bank 2 account number XXXXXX5085 held in the name of Lee Operations LLC.

      12.    $131,610.00 in United States Currency.

(c)    VEHICLES:

      1.    One 2018 Land Rover Range Rover, VIN SALGW2SE2JA503793.

      2.    One 2017 Acura NSX, VIN 19UNC1B08HY000536.

      3.    One 2018 Mercedes Benz S-Class S65 AMG, VIN WDDUG7KB5JA408046.

      4.    One 2019 Land Rover Range Rover, VIN SALGW2SE2KA516948.

(d)    JEWELRY:

      1.    One men's yellow gold Rolex with diamond bezel and dial.

      2.    One 18K yellow gold Cuban link necklace with diamonds in clasp.

      3.    One 18K yellow gold Cuban link bracelet with diamonds in clasp.

Upon conviction of one or more of the offenses alleged in Counts Forty-Two through Sixty-Two of this First Superseding Indictment, the Defendants,

RICKY DIXON,
JESIKA BLAKELY,
DWAN ASHONG,
JOHN GAINES,
CHARLES PETTY,
JERRY BAPTISTE,

CARLA JACKSON,
DEREK PARKER,
DAVID BELGRAVE II,
CHARLES HILL IV,
RYAN WHITTLEY, and
EL HADJ SALL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense and any property traceable to such property, including but not limited to the following:

(a)   MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the Defendant obtained as a result of the offense for which the Defendant is convicted.

(b)   FUNDS:

1.   $1,113,113.97 in funds seized from Bank 4 account number XXXXXXXX4823 held in the name of Elite Executive Services, Inc.

2.   $536,875.00 in funds seized from Bank 4 account number XXXXXXXX8102 held in the name of Bellator Phront Group, Inc.

3.   $431,408.28 in funds seized from Bank 1 account number XXXXX6415 held in the name of Transportation Management Services Inc.

4.   $341,151.47 in funds seized from Bank 4 account number XXXXXXXX3940 held in the name of Bellator Phront Group, LLC.

5.     $295,717.61 in funds seized from Bank 5 account number XXXXXX1207 held in the name of Management Resource Services.

6.     $177,828.46 in funds seized from Bank 1 account number XXXXX6500 held in the name of Gaines Reservation and Travel.

7.     $160,025.00 in funds seized from Bank 16 account number XXXXX7522 held in the name of RK Painting Company.

8.     $107,878.14 in funds seized from Bank 7 account number XXXXX5594 held in the name of RK Painting Co.

9.     $30,025.08 in funds seized from Bank 1 account number XXXXXX9428 held in the name of Bern Benoit.

10.    $9,314.28 in funds seized from Bank 3 account number XXXXXX5124 held in the name of Gaines Reservation and Travel.

11.    $256.67 in funds seized from Bank 2 account number XXXXXX5085 held in the name of Lee Operations LLC.

12.    $131,610.00 in United States Currency.

(c)    VEHICLES:

1.     One 2018 Land Rover Range Rover, VIN SALGW2SE2JA503793.

2.     One 2017 Acura NSX, VIN 19UNC1B08HY000536.

       3.      One 2018 Mercedes Benz S-Class S65 AMG, VIN
WDDUG7KB5JA408046.

       4.      One 2019 Land Rover Range Rover, VIN
SALGW2SE2KA516948.

(d)    JEWELRY:

       1.      One men's yellow gold Rolex with diamond bezel and dial.

       2.      One 18K yellow gold Cuban link necklace with diamonds in
clasp.

       3.      One 18K yellow gold Cuban link bracelet with diamonds in
clasp.

If, as a result of any act or omission of the Defendants, any property subject to forfeiture:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided
without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property described above.

A _____ BILL

FOREPERSON

KURT R. ERSKINE
*Acting United States Attorney*

JOSEPH BEEMSTERBOER
  *Acting Chief, Fraud Section*
  *U.S. Department of Justice*

*Tal Chaiken*

TAL C. CHAIKEN
  *Assistant United States Attorney*
Georgia Bar No. 273949

*Siji Moore*

SIJI MOORE
  *Trial Attorney, Fraud Section*
  *U.S. Department of Justice*

*Nathan Kitchens*

NATHAN P. KITCHENS
  *Assistant United States Attorney*
Georgia Bar No. 263930

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

1400 New York Ave, NW
Bond Building, 11th Floor
Washington, DC 20005
202-514-2000; Fax: 202-514-3708

82