UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY DIXON,<br><br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CRIMINAL ACTION NO.<br>1:20-CR-00296-JPB-CMS-6<br><br>CIVIL ACTION NO.<br>1:24-CV-00099-JPB |

## ORDER

This matter is before the Court on United States Magistrate Judge Catherine M. Salinas's Final Report and Recommendation ("R. & R."), [Doc. 1132], in which the Magistrate Judge recommends that the pending 28 U.S.C. § 2255 Motion to Vacate ("Motion to Vacate"), [Doc. 800], be denied. Movant Ricky Dixon ("Movant") has filed his objections to the R. & R. [Doc. 1137]. This Court finds as follows:

## BACKGROUND

On August 1, 2022, Movant entered a plea of guilty to Counts 29 and 62 of the Second Superseding Indictment ("Indictment") charging him with aggravated identity theft and conspiracy to commit money laundering. [Doc. 519]. On January 25, 2023, the Court sentenced Movant to 100 months of imprisonment

followed by a term of supervised release. [Doc. 624]. Movant's convictions were the result of his active participation in a scheme to submit false materials—such as a false loan application, false IRS Form 941s and false payroll spreadsheets—to a financial institution to fraudulently obtain funds from the Paycheck Protection Program, which was enacted in response to the COVID-19 pandemic. See [Doc. 642, pp. 16–19]. Movant did not appeal his convictions or sentence, but on January 4, 2024, he filed the instant Motion to Vacate raising three grounds for relief. [Doc. 800].

After requiring the Government to respond to the Motion to Vacate, the Magistrate Judge reviewed the parties' arguments and recommended that the motion be denied. See [Doc. 1132]. As to Movant's three grounds for relief, the Magistrate Judge found the following. First, the Magistrate Judge determined that Movant's primary argument—wherein he claimed that his trial counsel was ineffective for failing to challenge the Indictment—is unavailing because Movant failed to demonstrate that the Indictment itself was defective. Id. at 6–10. Second, the Magistrate Judge rejected Movant's contention that his trial counsel was ineffective for failing to object to the Government's alleged constructive amendment of the Indictment because Movant did not establish that the Indictment was actually amended. Id. at 10–12. Third, the Magistrate Judge determined that

Movant's argument that he is actually innocent of aggravated identity theft because of an intervening change in the law fails because Movant waived his right to raise the claim in his plea agreement.  Id.  12–15.  Finally, the Magistrate Judge recommends that Movant's request for an evidentiary hearing and a Certificate of Appealability be denied.  Id. at 15–17.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection *de novo* and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).  It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act."  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

**DISCUSSION**

In his objections, Movant challenges all of the Magistrate Judge's determinations.

**I.     Movant's First Objection to the R. & R.**

As noted above, in his first objection, Movant contends that his trial counsel was ineffective for failing to object to the allegedly defective Indictment. Count 29 of the Indictment charged that Movant, in violation of 18 U.S.C. § 1028A(a)(1),

> did knowingly possess and use, without lawful authority, a means of identification of another person, that is, a social security number and date of birth belonging to "S.R.," during and in relation to a felony offense, that is, Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, as alleged in Count Twenty-Seven of this First Superseding Indictment.[1]

[Doc. 290, p. 53].

Count 62 of the Indictment charged that Movant and others, in violation of 18 U.S.C. § 1956(h),

> did knowingly combine, conspire, and agree with each other, with Darrell Thomas, and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate

---

[1] The Court notes that, although the quote above refers to the "First Superseding Indictment," this appears to be an error. As such, the Court construes any reference to the "First Superseding Indictment" contained in the Indictment, [Doc. 290], to mean the "Second Superseding Indictment." Nevertheless, the Court notes that this non-substantive error does not compromise the validity of the Indictment.

>commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Id. at 72–73.

Movant's first issue with the language of the Indictment is that, according to him, Count 29 of the Indictment failed to further allege that he knew that the means of identification belonged to another individual, which Movant contends is a requirement under the law. [Doc. 1137, pp. 2–5]. However, as the Magistrate Judge determined, the authority which Movant cites, the unpublished case United States v. Becerra-Rodriguez, No. 21-10930, 2021 WL 5145248 (11th Cir. Nov. 5, 2021), stands only for the proposition that the prosecution's burden of proof to establish guilt at trial requires the Government to establish such knowledge. See Flores-Figueroa v. United States, 556 U.S. 646, 657 (2009). The standard for evaluating the sufficiency of an indictment is not so demanding. The Magistrate Judge explained that because the Indictment tracks the statutory language and approximately states the time and place of the alleged offense, the Indictment is sufficient. See United States v. Moore, 954 F.3d 1322, 1332 (11th Cir. 2020)

(citing United States v. Brown, 752 F.3d 1344, 1353 (11th Cir. 2014)).  Count 29 of the Indictment satisfies that standard.

Movant also objects that the Magistrate Judge relied on an Eighth Circuit Court of Appeals opinion for the proposition that an indictment which charged aggravated identity theft was sufficient where, although the indictment did not plead knowledge as discussed by the United States Supreme Court in Flores-Figueroa, it tracked the language of 18 U.S.C. § 1028A(a)(1).  [Doc. 1132, p. 5–6]; United States v. Prelogar, 996 F.3d 526, 532 (8th Cir. 2021).  However, binding precedent from the Eleventh Circuit Court of Appeals requires only that the indictment track the language of the statute.  See Moore, 954 F.3d at 1332.  Since there appears to be no Eleventh Circuit case directly on point, the Magistrate Judge's reliance on persuasive authority does not render her conclusion incorrect.

Moreover, at Movant's change of plea hearing the Government properly recited the elements that it must prove to establish Movant's guilt as to Count 29, including that Movant "knew that the means of identification belonged to an actual person."  [Doc. 642, pp. 13–14].  Accordingly, this Court agrees with the Magistrate Judge that Movant's counsel had no reasonable basis to challenge Count 29 of the Indictment.

Movant also contends that Count 62 of the Indictment failed to allege the element that his participation in the conspiracy was voluntary. [Doc. 1137, pp. 7–8]. However, as with Count 29, Count 62 tracks the language of the statute, and, as the Magistrate Judge determined, the word "knowingly" used in Count 62 is the well-understood equivalent to "voluntarily" under Eleventh Circuit precedent. See United States v. Woodruff, 296 F.3d 1041, 1047 (11th Cir. 2002). In objecting, Movant mostly repeats the arguments made in his Motion to Vacate, and his contentions that the Magistrate Judge erred are conclusory. Having reviewed the matter, this Court agrees with the Magistrate Judge, and first objection to the R. & R. is unavailing.

Accordingly, Movant's first objection to the R. & R. is **OVERRULED**.

**II.     Movant's Second Objection to the R. & R.**

In his second objection, Movant argues that his trial counsel was ineffective for failing to object to what Movant claims was the Government's constructive amendment of Count 29 of the Indictment. [Doc. 1137, pp. 9–10]. The Magistrate Judge determined that Movant failed to show a constructive amendment of the Indictment because the elements of Count 29 recited at the change of plea hearing did not "broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Philpot, 773 F. App'x 583, 589 (11th Cir. 2019)

7

(quoting United States v. Behety, 32 F.3d 503, 508 (11th Cir. 1994)).  In this objection, Movant appears to assert more narrowly that he is entitled to a certificate of appealability regarding this claim.  See [Doc. 1137, pp. 9–10]. However, Movant has not shown how the Indictment was constructively amended, and this Court agrees with the Magistrate Judge that Movant's second objection has no debatable merit.  See [Doc. 1132, pp. 16–17].  As a result, Movant has not shown that he is entitled to a Certificate of Appealability.

Accordingly, Movant's second objection to the R. & R. is **OVERRULED**.

### III.  Movant's Third Objection to the R. & R.

In his third objection, Movant contends that he is not guilty of Count 29, the charge of aggravated identity theft, under the Supreme Court's interpretation of 18 U.S.C. § 1028A(a)(1) as set forth in Dubin v. United States.  599 U.S. 110 (2023); [Doc. 1137, pp. 10–12].  Dubin was a Medicare fraud case in which the defendant overbilled Medicare for services rendered to a patient.  599 U.S. at 114–15.  The Government also charged the defendant with aggravated identity theft because he used the patient's identification to submit the inflated bill.  Id.  In rejecting the defendant's argument regarding § 1028A, the Supreme Court clarified the scope of the statute, explaining that "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of

8

what makes the conduct criminal." Id. at 131.  In other words, just because the defendant used a patient's name in submitting an inflated bill did not mean that he committed identity theft under the statute.  Movant contends that, under Dubin, he is innocent of aggravated identity theft.  See [Doc. 1137, pp. 10–12].  As such, he argues that the appeal waiver in the plea agreement and his procedural default of this claim should not apply under the miscarriage of justice exception.  See id.

However, even if Movant is right that the waiver and procedural default should not apply—which this Court does not concede—this Court disagrees with Movant's argument that Dubin renders him actually innocent of aggravated identity theft.  At the change of plea hearing, the Government explained how Movant, without authorization, used the means of identification of an individual with the initials S.R. on an SBA 7A Paycheck Protection Program loan request, falsely identifying S.R. as the owner of the company applying for the loan.  [Doc. 642, pp. 17–18].  In other words, Movant used the identity of another, without that person's consent, to fraudulently obtain money from the Government.  According to the Supreme Court, "identity theft is committed when a defendant uses the means of identification itself to defraud or deceive." Dubin, 599 U.S. at 123.  At the change of plea hearing, Movant admitted that he used S.R.'s name and social security number in a fraudulent and deceitful manner which was clearly at the crux

9

of his efforts to wrongfully obtain Paycheck Protection Program funds. See [Doc. 652, pp. 21–22]. This Court thus concludes that Dubin does not change the nature of Movant's crimes, and his third objection fails even if he can overcome the waiver he signed and the default of his claim.

Accordingly, Movant's third objection to the R. & R. is **OVERRULED**.

## CONCLUSION

For the reasons stated herein, this Court agrees with the Magistrate Judge that Movant has failed to demonstrate that he is entitled to relief under § 2255. Accordingly, the R. & R., [Doc. 1132], is **ADOPTED** as the order of the Court, and the pending § 2255 Motion to Vacate, [Doc. 800], is **DENIED**. This Court further agrees with the Magistrate Judge that Petitioner failed to make "a substantial showing of the denial of a constitutional right" and, as such, that a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). Finally, this Court agrees with the Magistrate Judge that Petitioner failed to allege facts which, if proven, would entitle him to relief and, accordingly, his request for an evidentiary hearing, [Doc. 800-1], is **DENIED**.

The Clerk is **DIRECTED** to close Case Number 1:24-CV-0099-JPB.

**SO ORDERED** this 9th day of December, 2024.

_____
**J. P. BOULEE**
United States District Judge